**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:26-cv-229**

| | |
|---|---|
| **ERIN MYERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) |
| **NORTH AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT FOR**
**DISABILITY BENEFITS UNDER ERISA**

**JURISDICTION AND VENUE**

1.	Plaintiff Erin Myers's claim against Defendant Life Insurance Company of North America is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2.	Plaintiff seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, Plaintiff seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policy at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA); (b) an instatement of benefits; (c) the payment of all back benefits due with pre-judgment and post-judgment interest; (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan; (e) the clarification of rights to future benefits under the long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3); and (f) an award of attorney's fees and costs.

3. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132(a), (e), and (f).

4. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing business in this district.

## PARTIES

5. Plaintiff is a resident of Weaverville, North Carolina, in this District and Division.

6. Plaintiff is a former employee of WPEngine, Inc. ("Employer"). While employed there, and while covered by the Welfare Benefits Plan for employees of The Employer, Plaintiff became disabled as that term is defined by The Plan.

7. The WPEngine, Inc. Health and Welfare Benefit Plan ("The Plan") is an employee welfare benefit plan established under ERISA.

8. WPEngine, Inc. is the Plan Administrator of the Plan.

9. The Plan Administrator is responsible for the actions of each of its fiduciaries and "deemed fiduciaries."

10. Life Insurance Company of North America ("LINA") was contracted by the Plan Administrator to act as fiduciary under the Plan as Claims Review Administrator.

11. Defendant LINA owes fiduciary obligations to Plaintiff to administer claims fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## THE EMPLOYEE WELFARE BENEFIT PLAN

9. At all times relevant, Plaintiff was employed by the Employer and was a plan participant in the Plan established by The Employer under ERISA.

2

10. The Plan Administrator has delegated disability claims administration to the Claims Review Administrator, LINA.

11. The Employer, the Plan Administrator, and Defendant LINA are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

12. The Claims Review Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with LINA and with no other entity.

13. The Claims Review Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

14. LINA is fully responsible for the payment of all claims made under the Plan.

### HISTORY OF THE CLAIM

15. Plaintiff worked for the Employer until she became disabled.

16. At all times relevant, Plaintiff has met the Plan's definition of disability.

17. The Plan provides for lost income benefits.

18. Plaintiff timely gave notice of disability and applied for long-term disability benefits under the Plan.

19. LINA confirmed that Plaintiff met the Plan's definition of Disabled for the short-term disability period.

20. On September 10, 2025, the Claims Review Administrator, Defendant LINA, issued an "Adverse Benefit Decision" on Plaintiff's claim for long-term disability benefits under the Plan, denying benefits.

21. Plaintiff timely filed an appeal of Defendant LINA's adverse benefit decision.

22.     Defendant affirmed its denial of Plaintiff's disability benefits by way of a letter dated February 2, 2026.

23.     Plaintiff has exhausted the administrative remedies of the Plan, and her long-term disability claim is now ripe for judicial review pursuant to 29 U.S.C. § 1132.

**FIRST CLAIM FOR RELIEF:**
**WRONGFUL DENIAL OF BENEFITS**
**UNDER ERISA, 29 U.S.C. § 1132(a)(1)(B)**

24.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

25.     Defendant has violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

26.     Plaintiff is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest, and attorney's fees and costs pursuant to ERISA.

27.     Plaintiff is entitled to these benefits because the benefits are permitted under the policy issued by Defendant LINA; Plaintiff is disabled as defined by the Plan and the policy; Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits, and Plaintiff has not waived or otherwise relinquished the entitlement to the benefits.

28.     Defendant is further liable to Plaintiff because it failed to accord proper weight to and/or ignored credible evidence showing that Plaintiff is disabled; Defendant's interpretation of the policy is contrary to the plain language of the policy and unreasonable; Defendant wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by ignoring the weight and credibility of the evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits, and failing to provide for a review that takes into

4

account all comments, documents, records, and other information and evidence relating to

Plaintiff's claim; and Defendant violated its contractual obligation to furnish benefits to Plaintiff.

<u>**RELIEF SOUGHT**</u>

WHEREFORE, Plaintiff prays that the Court enter an Order declaring the following:

1.	No deference be granted to the decision of Defendant to deny benefits.

2.	That Plaintiff is entitled to long-term disability benefits under the Plan.

3.	That Plaintiff is entitled to payment of past-due long-term disability benefits and reinstatement to monthly benefits under The Plan.

4.	That Plaintiff is entitled to all such other related benefits under the Plan.

5.	That Defendant is ordered to pay said benefits until such time as Plaintiff reaches the maximum benefit amount under the Plan or is no longer disabled.

6.	That Plaintiff is entitled to payment of prejudgment interest of at least the North Carolina statutory rate of 8%.

7.	That Plaintiff is entitled to payment of attorney's fees, costs, and post-judgment interest to the extent allowed under the law.

8.	Such other and further relief as this Court deems just and proper.

This the 13th day of August, 2026.

/s/ Norris A. Adams, II
NORRIS A. ADAMS, II
N.C. State Bar No. 32552
ESSEX RICHARDS, P.A.
1701 South Blvd.
Charlotte, NC 28203-4727
Telephone: (704) 377-4300
Facsimile: (704) 372-1357
nadams@essexrichards.com

Damon R. Miller*
Va. Bar No. 98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com

*Attorneys for Plaintiff*

*Subject to admission pro hac vice